USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZ OBIDOV,

    Plaintiff,

-against-

CHAD F. WOLF, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*, et al.,

    Defendants.

19-CV-6712 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On December 10, 2019, the Court held a show cause hearing concerning whether this case should be reopened and defendants held in contempt for violating ¶ 2 of the Stipulation and Order issued on August 19, 2019 (Dkt. No. 8), which required United States Citizenship and Immigration Services (USCIS) to "complete adjudication" of plaintiff Aziz Obidov's Form N-400 application for naturalization within 30 days thereafter. *See* Order to Show Cause, dated Nov. 4, 2019 (OSC) (Dkt. No. 11); Scheduling Order, dated Nov. 21, 2019 (Dkt. No. 20).

In accordance with the Scheduling Order, defendants appeared at the hearing through Assistant United States Attorneys Anthony Jan-Huan Sun and Simon Nakajima, accompanied by Yuliya Sheridan, a Supervisory Immigration Services Officer in the Brooklyn Field Office of USCIS, and a representative of USCIS. Attorney Sun confirmed that he had authority to enter into stipulations on behalf of all defendants regarding certain matters touching on the conduct of plaintiff's pending removal proceedings. Plaintiff appeared *pro se*.

At the hearing, after acknowledging that "the timing of events here is both unfortunate and stems from a regrettable series of mistakes made by the government," attorney Sun proposed a stipulated resolution of the issues raised in plaintiff's Motion for Sanctions (Dkt. No. 9) and in

the Court's OSC, which – after certain points were discussed and clarified on the record – plaintiff accepted. Those points are incorporated into this Order.

The Court having considered the Motion for Sanctions, the parties' further submissions in response and reply to the OSC, and the matters presented at the December 10 hearing, and for good cause shown, it is hereby ORDERED that:

1. Plaintiff's Motion for Sanctions is deemed withdrawn.

2. Defendants shall make every reasonable effort to cause United States Immigration and Customs Enforcement (ICE) to file and pursue a motion to dismiss plaintiff's removal proceedings – initiated by a Notice to Appear issued by USCIS on October 16, 2019, *see* Notice to Appear (Dkt. No. 14, at ECF pages 47-49); Sheridan Decl. (Dkt. No. 18) ¶ 18 – as improvidently initiated.[1]

3. Upon the dismissal of the removal proceedings, USCIS shall promptly complete adjudication of plaintiff's N-400 naturalization application. For purposes of this Order, "complete adjudication" shall mean either the administration of the citizenship oath to plaintiff or the denial of his application.

4. If and to the extent USCIS continues to contend that "at the time of plaintiff's adjustment of status to lawful permanent resident, an immigrant visa was not immediately available to him in his employment immigrant preference classification, which meant that he was inadmissible (*i.e.*, not eligible for lawful permanent residence) at the time his status was adjusted to that of lawful permanent resident," and therefore that he cannot now be naturalized, *see* Def.

---

[1] By letter dated December 10, 2019 (Dkt. No. 26), defendants advised the Court that ICE filed the motion to dismiss the removal proceedings that afternoon.

Resp. to OSC (Dkt. No. 17), at 7, it shall issue a Notice of Motion to Reopen and provide plaintiff 15 days, *see* 8 C.F.R. § 335.5, to respond.

5. Defendants shall serve and file periodic status reports updating the Court on the progress of plaintiff's removal proceedings and N-400 application for naturalization (including any related administrative appeals). At a minimum, defendants must submit such a report:

    a. Within **thirty days** of the date of this Order;

    b. **Every six months** thereafter; and

    c. **Promptly** after (i) the administration of the citizenship oath to plaintiff; (ii) the denial of his naturalization petition alternatively; or (iii) the decision on any appeal therefrom.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 9, and to mail a copy of this Order to plaintiff *pro se*.[2]

Dated: New York, New York
December 11, 2019

SO ORDERED.

_____

**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] At the hearing, plaintiff orally requested that the Court seek appointed counsel to represent him. In light of the parties' stipulation and the other provisions of this Order, the Court does not deem such appointment necessary at this time.