USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AZIZ OBIDOV,

    Plaintiff,

-against-

CHAD F. WOLF, *in his official capacity as Acting Secretary of the United States Department of Homeland Security*, et al.,

    Defendants.

19-CV-6712 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated December 11, 2019 (Dkt. No. 28), memorializing a ruling from the bench the day before, the Court directed defendants to make every reasonable effort to cause ICE to file and pursue a motion to dismiss plaintiff's removal proceedings, thus permitting USCIS to resume adjudication of his N-400 naturalization application. Dec. 11 Order ¶ 2. The Court further directed USCIS to "promptly complete adjudication of plaintiff's N-400 naturalization application. For purposes of this Order, 'complete adjudication' shall mean either the administration of the citizenship oath to plaintiff or the denial of his application." *Id*. ¶ 3. The Court further directed USCIS to "issue a Notice of Motion to Reopen" the naturalization proceeding, and provide plaintiff 15 days to respond pursuant to 8 C.F.R. § 335.5, if the government continued to contend that he could not now be naturalized because "at the time of plaintiff's adjustment of status to lawful permanent resident, an immigrant visa was not immediately available to him in his employment immigrant preference classification, which meant that he was inadmissible (*i.e.*, not eligible for lawful permanent residence) at the time his status was adjusted to that of lawful permanent resident." *Id*. ¶ 4. The Court further directed defendants to file periodic status reports to the Court every six months, as well as "[p]romptly

after (i) the administration of the citizenship oath to plaintiff; (ii) the denial of his naturalization petition alternatively; or (iii) the decision on any appeal therefrom." *Id*. ¶ 5.

By letter-motion dated January 10, 2020 (Dkt. No. 36), plaintiff seeks to reopen this action "due to Defendant's failure to issue [sic] complete naturalization proceedings in accordance with stipulations made with this Court." Plaintiff complains that defendants "failed to have the removal proceedings terminated in a timely fashion as originally stipulated," that the Notice to Reopen filed by USCIS in the naturalization proceeding cited the wrong regulatory subsection (8 C.F.R. § 335.4 instead of § 335.5), and that the government's position, as articulated in the Notice to Reopen, lacks merit, and therefore serves merely to "delay the administration of the Oath to Plaintiff." Jan. 10 Letter at 2, 3. Plaintiff asks that this action, originally filed pursuant to 8 U.S.C. § 1447(b), "be reopened so that the Court can administer the Oath itself." Jan. 10 Letter at 5.

In a responding letter dated January 17, 2020 (Dkt. No. 37), defendants oppose plaintiff's request to reopen and argue that they are "in full compliance" with this Court's Dec. 11 Order. The documents attached to defendants' letter demonstrate that the government moved to terminate plaintiff's removal proceedings on December 10, 2019 – the day on which the Court issued the oral ruling underlying the Dec. 11 Order. *See* Jan. 17 Letter, Ex. A. The motion was granted by the immigration judge, who noted that it was unopposed, on December 18, 2019. *Id*. Ex. B. On December 30, 2019, USCIS served and filed its Motion to Reopen in the naturalization proceeding, on the grounds anticipated by ¶ 4 of the Dec. 11 Order. *Id*. Ex. C. While the Notice to Reopen erroneously cited 8 C.F.R. § 335.4 instead of § 335.5, it nonetheless expressly granted plaintiff 15 days to respond, as required by § 355.5. *Id*. Ex. C, at 2. Defendants

further advise that USCIS "received a timely response from Plaintiff last week and will promptly rule on the motion." Jan. 17 Letter at 2.

Plaintiff's application is DENIED.

There is no evidence that defendants have violated the terms of the Court's Dec. 11 Order. The Court reminds plaintiff that it does not have jurisdiction to adjudicate the merits of a Motion to Reopen pending before USCIS or otherwise supervise the progress of an ongoing USCIS naturalization proceeding. In the event USCIS denies plaintiff's naturalization application, he may pursue an administrative review in accordance with 8 U.S.C. § 1447(a) and 8 C.F.R. § 336.2. Thereafter, if necessary, he may seek judicial review in accordance with 8 U.S.C. § 1421 and 8 C.F.R. § 336.9. *See*, *e.g.*, *Santamaria v. Holder*, 2012 WL 566073, at *6 (S.D.N.Y. Feb. 21, 2012) ("Section 1421(c) requires that an applicant have exhausted his administrative remedies prior to seeking [judicial] relief"), *report and recommendation adopted,* 2012 WL 892180 (S.D.N.Y. Mar. 14, 2012); *Daniel v. Dist. Dir.*, 2015 WL 1097375, at *1-2 (S.D.N.Y. Mar. 12, 2015) (upholding USCIS decision denying naturalization application because petitioner was "ineligible to apply for an I-485 status adjustment" at the time she received her green card in 2008, and consequently was "ineligible for naturalization" in 2015).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff.

Dated: New York, New York  **SO ORDERED**.
   January 21, 2020

_____
**BARBARA MOSES**
**United States Magistrate Judge**